UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR -4 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 4:18CR296 CDP/DDN |
| BOBBY J. WOODS, ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### [MAIL FRAUD CONSPIRACY: 18 U.S.C. § 1349]

#### INTRODUCTION

1. Beginning in or about 2008 and continuing until in or about December of 2014, in the Eastern District of Missouri, **BOBBY J. WOODS** and Alan Johnson did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown, to commit the following offense against the United States:

    a. To devise and intend to devise a scheme to defraud, and to obtain money and property from "BMI" by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme described below, and attempting to do so, to cause to be sent or delivered by any private or commercial interstate carrier, or knowingly cause to be delivered by mail or such carrier according to the direction

thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, in violation of Title 18, United States Code, Section 1341.

## BACKGROUND

2. During all times pertinent to this Indictment, BMI was a company headquartered in Chesterfield, Missouri in the Eastern District of Missouri.

3. During all times pertinent to this Indictment, BMI manufactured oil and gas production chemicals.

4. During all times pertinent to this Indictment, Alan Johnson was employed by BMI and was responsible for purchasing industrial equipment for BMI.

5. During all times pertinent to this Indictment, Controls Plus was a vendor that had regular business dealings with BMI and supplied BMI with industrial equipment and labor to service the equipment.

6. During all times pertinent to this Indictment, the defendant, **BOBBY J. WOODS**, was the owner and operator of Controls Plus and was BMI's exclusive contact for Controls Plus.

## MANNER AND MEANS

The ways, manner and means by which the foregoing objective of the conspiracy to commit mail fraud were to be accomplished included, but were not limited to, the following:

7. The primary purpose of the conspiracy was for the defendant, **BOBBY J. WOODS**, to receive payment from BMI through Alan Johnson on invoices reflecting substantially and fraudulently inflated costs in exchange for the payment of kickbacks to Alan Johnson.

8. It was a part of the conspiracy that Controls Plus sent invoices reflecting fraudulently inflated equipment costs to BMI either by means of a private carrier who travelled in interstate commerce or through the United States Postal Service.

9. It was further a part of the conspiracy that during the course of the business relationship between BMI and Controls Plus, BMI paid the defendant, **BOBBY J. WOODS**, at least $1,900,000.00 for labor and equipment provided by independent suppliers.

10. It was further a part of the conspiracy that the defendant **BOBBY J. WOODS** paid Alan Johnson kickback payments reflecting approximately 10 to 20 percent of the invoiced amount charged to BMI by Controls Plus.

11. It was further a part of the conspiracy that **BOBBY J. WOODS** issued at least $150,000 in payments to Alan Johnson as part of the kickback plan.

All in violation of Title 18, United States Code, Section 1349.

Dated: _____          A TRUE BILL


                                  _____
                                  FOREPERSON


                                  JEFFREY B. JENSEN
                                  United States Attorney


                                  _____
                                  Gwendolyn E. Carroll
                                  Assistant United States Attorney

3